IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOEL DORTCH, #131794,          :

    Plaintiff,              :

vs.                            :   CIVIL ACTION 16-420-CG-N

JUSTIN HETRICK,                :

    Defendant.              :


REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**I. Amended Complaint.** (Doc. 4).

The only defendant to this action is Justin Hetrick, a sergeant with the Sheriff's Office for Escambia County, Alabama. The complaint indicates that the plaintiff filed this action while he was incarcerated at Fountain Correctional Facility, serving a life sentence for a second-degree burglary conviction that occurred on July 16, 1997. (Id. at 1, 6).

Because plaintiff's description of his claim is brief, it is set out in its entirety.

> On January 12, 2015, I was driving on Hwy 21 North, to pick up my daughter in Frisco City. My car ran hot. I called a family member to meet me at the casino because I lost my keys while I was looking for water to put in my vehicle. On the way to the casino in Atmore, Justin Hetrick (deputy) accused me of Burglarizing a grocery on Wayside Road located at 818 Wayside Rd. in Atmore, Al. When they arrested me my Jeep (1990 Cherokee Laredo) vin # 134FJ586666140490, $125, 1 pair of steel toe boots, 1 pair pants, jacket, cellphone was confiscated. May 31, 2016, all charges were dropped. And my 8th & 9th Amendments of the United States Constitution were violated. Nothing was ever returned to me. This is theft of property because my cases were not drug related.

(Id. at 4). Based on these facts, he claims defendant Hetrick falsely accused him and committed theft of property. (Id. at 5). As a result, he wants prospective injunctive relief and $20,000 in monetary compensation. (Id. at 7).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for

---

[1] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second bracket in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true

conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Analysis.**

    **A. False Arrest Claim.**

Plaintiff claims that defendant Hetrick falsely arrested him for burglary.  In the complaint, plaintiff provides no facts pertaining to the legal aspects of his arrest; he simply states that he was arrested and provides no information about a warrant, the type of warrant, or the absence of a warrant.  Furthermore, no information is provided to show that probable cause or arguable probable cause was lacking.  Cf. Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) ("An arrest made with probable cause . . . constitutes an absolute bar to a section 1983 action for false arrest."); Rushing v. Parker, 599 F.3d 1263, 1265 (11th Cir. 2010) (holding that a false arrest claim fails when the officer has probable cause to make the arrest).

Construing the amended complaint liberally, plaintiff failed to allege a plausible claim for false arrest.  Wright v. Dodd, 438 F. App'x 805, at **1 (11th Cir. 2011) (unpublished) (dismissing a false arrest claim because no plausible claim was stated when plaintiff merely alleged in a conclusory fashion that he was arrested without a warrant and did not allege any facts to show that the police lacked probable cause);[2] Denton v. Stokes, 2014 WL 1388389, at *1 (N.D. Ala.), aff'd 620 F. App'x 712 (11th Cir.

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

2015) (unpublished) (dismissing the false arrest claim because the complaint provided no specific facts showing that, under the totality of circumstances, actual or arguable probable cause was lacking, as "[a] plaintiff cannot simply assert the ultimate fact that his constitutional rights have been violated, but must provide sufficient factual support to assert a claim that is 'plausible on its face'"); Brown v. Atmore City Police Dep't, 2011 WL 4464582, at *7 (S.D. Ala. 2011) (unpublished) (finding plaintiff did not allege a plausible false arrest claim because no facts were alleged showing the police lacked probable cause to make the arrest) (unpublished).  Therefore, plaintiff's false arrest claim is due to be dismissed for failure to state a claim upon which relief can be granted.

      **B. Deprivation of Property Claim.**

      When plaintiff was arrested, "they" and defendant Hetrick confiscated his Jeep, $125, one pair of boots, one pair of pants, a jacket, and a cell phone.  (Doc. 4 at 4, 5).  Plaintiff wants these items returned, as his cases were not drug related and were dismissed, and he claims that this is a theft of property.  (Id.).  No other information is provided concerning the deprivation of property.  Thus, the taking of this property appears to be random and unauthorized, inasmuch as he claims that he was falsely arrested.

      The Due Process Clause protects against the deprivation of property that is done without due process of law.  U.S. CONST. amend. XIV, § 1.  The Due Process Clause, however, is not triggered by the negligent loss of property.  Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).  Nor does the intentional deprivation of property violate the Due Process Clause as long as the State provides a meaningful post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82

L.Ed.2d 393 (1984).

A meaningful post-deprivation remedy is provided by Alabama for persons who have suffered a property loss. Taylor v. Gandy, 2011 WL 2784597, at *3 (S.D. Ala. 2011) (unpublished). Claims for a property loss incurred at the hands of state agencies or their employees may be presented for compensation to the State Board of Adjustment pursuant to the Alabama Code §§ 41–9–60, et seq., or the state employee may be personally liable to the inmate in an ordinary tort action. Milton v. Espey, 356 So.2d 1201, 1203 (Ala. 1978); ALA. CODE § 6–5–262 (1993). Therefore, plaintiff had available to him at the time of the deprivation a post-deprivation remedy that would have adequately compensated him for his loss. Consequently, his claim for a deprivation of his property does not show that a constitutional violation occurred. See Combs v. City of Dallas, 289 F. App'x 684, 687 (5th Cir. 2008) (unpublished) (finding that the confiscation of the arrestee's personal property, which included cash and a vehicle, did not violate his civil rights as Texas provided a post-deprivation remedy through its conversion remedy); Guidetti v. Haley, 2011 WL 1884153, at *4 (D.S.C. 2011) (unpublished) (finding that the seizure of plaintiff's medication when he was detained and arrested did not constitute a violation of Due Process Clause as South Carolina had an adequate post-deprivation remedy).

Furthermore, plaintiff claims defendant Hetrick committed theft of property. Theft of property is a criminal offense under Alabama law. Houston v. State, 933 So.2d 397, 404 (Ala. Crim. App. 2005). The decision to bring criminal charges is a responsibility given to prosecutor. United States v. Ballard, 779 F.2d 287, 295 (5th Cir.), cert. denied, 475 U.S. 1109 (1986). Moreover, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. United

States Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987).  Therefore, plaintiff cannot bring a theft-of-property charge against defendant Dortch in this action.  Accordingly, plaintiff's allegations concerning the deprivation of his property fail to state a claim upon which relief can be granted.

    **C. Application of 28 U.S.C. § 1997e(e) as Alternate Basis for Dismissal.**

    **1. Damages Claim.**

Even though plaintiff's action is due to be dismissed for the above reasons, an alternate basis exists to support this action's dismissal.  With respect to the damages claim, 42 U.S.C. § 1997e(e) precludes a claim for compensatory or punitive damages from proceeding.  Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  42 U.S.C. § 1997e(e).

Section 1997e(e) was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]"  Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001).  This section is "[r]ead as a limitation on recovery only[.]"  Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000).  By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" id. at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[,]" id. at 1289, and nominal damages.  Brooks v. Warden, 800 F.3d 1295, 1307-09 (11th Cir. 2015).

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004). The statute encompasses all claims, including constitutional claims, with no exceptions being provided. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011) (holding no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally). "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002).

In the present action, no allegations of a physical injury are present, and plaintiff requested $20,000 in compensatory damages. In the absence of a physical injury, § 1997e(e) prohibits a recovery of compensatory damages on his false arrest and deprivation of property claims. Napier, 314 F.3d 528 (affirming the dismissal of a false arrest claim without physical injuries pursuant to § 1997e(e)). Moreover, plaintiff's damages request cannot be construed as a request for nominal damages because it is not a nominal amount. See Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding nominal damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); Harrison v. Myers, 2011 WL 3204372, at *7 (S.D. Ala. 2011) (unpublished) (finding the prisoner's request of $2,500 was not for nominal damages

inasmuch nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, 2010 WL 4916716, at *4 (D. N.J. 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"). Thus, plaintiff's claim for damages is due to be dismissed pursuant to 28 U.S.C. § 1997e(e). See Napier, 314 F.3d at 532 (holding a dismissal pursuant to § 1997e(e) shall be without prejudice and affirming the action's dismissal as frivolous).

### 2. Injunctive Relief Claim.

Excepted from § 1997e(e)'s scope is a request for injunctive relief. Harris, 190 F.3d at 1289. Here, plaintiff did request prospective injunctive relief. His request is not specific, which it needs to be. Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). But it can be inferred from his allegations that his injunctive relief request would more than likely be to have his property returned. His allegations, however, do not clearly indicate that defendant Hetrick is in possession of his property. Furthermore, because he has not stated a claim for a deprivation of property, his corresponding injunctive relief request to have his property returned is without legal merit. Moreover, injunctive relief only will issue when irreparable harm is about to be suffered, and irreparable harm is a harm that cannot be undone through monetary damages. Cate v. Oldham, 707 F.2d 1176, 1189 (11th Cir. 1983); Spiegel v. City of Houston, 636 F.2d 997, 1001 (5th Cir. Feb. 9, 1981);[3] Pirtek, USA LLC v. Whitehead, 2006 WL 2038651, at *5 (S.D. Ala. 2006) (unpublished) (Granade, C.J.). Here, plaintiff can be

---

[3] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

compensated for the deprivation of property through monetary damages, as he requested $20,0000.  Because an irreparable injury was not alleged, plaintiff's request for injunctive relief is inappropriate.  For the reasons set out above, plaintiff's injunctive relief request is due to be dismissed as frivolous.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is

made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 27th day of September, 2016.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**